# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

DARRYL SWINT,          )
                                    )
       Petitioner,       )
                                    )
v.                       )       2:16-cv-0517-MHH-JEO
                                    )
STATE OF ALABAMA and the   )
ATTORNEY GENERAL, STATE OF )
ALABAMA,              )
                                    )
       Respondents.    )

## MEMORANDUM OPINION

On March 22, 2016, Darryl Swint, an Alabama state prisoner acting *pro se*, filed this civil action. (Doc. 1). Mr. Swint is incarcerated at the Donaldson Correctional Facility in Bessemer, Alabama. The Court advised Mr. Swint, pursuant to *Castro v. United States*, 540 U.S. 375 (2003), that the Court would construe his filings in this action as a first application for a writ of habeas corpus under 28 U.S.C. § 2254 because Mr. Swint seeks relief from convictions entered by the Circuit Court of Barbour County, Alabama, in case numbers CC-2000-163 and CC-2000-164. (Doc. 17). Mr. Swint then filed an amended pleading on the pre-printed form used by *pro se* state prisoners seeking habeas relief under § 2254. (Doc. 18).

On August 8, 2016, the Magistrate Judge to whom the action was referred recommended that the Court dismiss Mr. Swint's habeas petition because the applicable one-year statute of limitations expired before Mr. Swint filed this action. (Doc. 23). Mr. Swint has filed various documents, including objections to the Magistrate Judge's August 8, 2016 report and recommendation. (Doc. 25, 27, 29, 30, 32, 33 & 35-38).

In the first post-recommendation submission, Mr. Swint objects generally to the disposition of his case. (Doc. 25). In his second and third submissions, which are captioned "Petition Affidavits A.R.CR.P.", Mr. Swint mentions various state and federal procedural rules. (Doc. 27 & 29). Mr. Swint also has filed an objection to the magistrate judge's denial of his earlier request for discovery. (Doc. 30). He argues that the discovery "is material and necessary ... for the preparation of his exculpatory ... defense...," (*Id*. at 3),[1] but Mr. Swint has not provided details or facts supporting his conclusory contention concerning the need for discovery.[2]

_____

[1] Although this document is captioned "Notice of Appeal" and was sent to the Eleventh Circuit Court of Appeals, it is an appeal from the magistrate judge's denial of discovery and is properly before this Court. The Court of Appeals forwarded the submission to this Court. (*See* Doc. 30 at 1).

[2] In similar fashion, Mr. Swint stated in his amended habeas petition that he now is aware of facts that were not known to him or to his attorney at the time of trial or sentencing that "are not merely cumulative to other facts" and that "establish that the petitioner is innocent of the crime for which the petitioner was convicted . . ." (Doc. 12, p. 8), but in his petition, Mr. Swint identified none of the alleged new facts.

Mr. Swint also filed a document titled "Habeas Corpus Petition" wherein he seeks discovery of various statements and documents, including items from his state criminal case. (Doc. 32). He also makes various arguments and assertions that appear to challenge the findings and conclusion in the magistrate judge's report and recommendation. (*Id*. at 3-6). Accordingly, the Court will treat the arguments as objections to the report and recommendation.

Mr. Swint has filed a document captioned "Petition Alabama Rules of Criminal Court of Procedure Affidavits Rule 20.3 Department of Correction 9.12 Rule 3.B." (Doc. 33). Therein, he discusses criminal discovery and his right to a jury trial. (*Id*. at 3). And he has filed a second document captioned "Habeas Corpus Petition" in which he again seeks discovery. (Doc. 35).[3] In this pleading, he also makes conclusory contention that if he had received "exculpatory" materials, the materials would demonstrate his innocence. (*Id*. at 4). The Court treats this argument as an objection to the report and recommendation.

Mr. Swint has filed other documents that contain disjointed statements and seek no particular relief. (Docs. 36 & 37).[4] The Court will treat these documents as objections to the report and recommendation.

Lastly, Mr. Swint has filed a document captioned "Motion to Amend USDCTSD To the Eleventh Circuit Court of Appeal[s] Fed. R. App. P. 4, 24; 28

---

[3] This document also was received by the Court of Appeals and forwarded to this Court.

[4] These documents also were received by the Court of Appeals and forwarded to this Court.

U.S.C. §§ 1291,1292." (Doc. 38).[5] Therein, he asks that the record in this case be amended to include an attached document which purports to be a "Petition for Relief from Conviction or Sentence (Pursuant to Rule 32, Alabama Rule of Criminal Procedure)" in the Eleventh Circuit Court of Appeals. (Doc. 38 at 2). The "Petition" recites the case number of Mr. Swint's district court case. In the "Petition," he asserts that his state court convictions are the result of (1) improperly induced pleas of guilty, (2) the failure to disclose exculpatory evidence, (3) a violation of double jeopardy, (4) improper grand jury or petit jury conduct concerning his mental illness, and (5) ineffective assistance of counsel. (*Id*. at 5-6). He also asserts the state trial court was without jurisdiction to hear his case. (*Id*. at 6).

Having reviewed and considered *de novo* the materials in the court file, including the Magistrate Judge's report and recommendation and Mr. Swint's objections, the Court overrules Mr. Swint's objections because they are conclusory. The Court adopts the Magistrate Judge's finding that the applicable one-year statute of limitations bars Mr. Swint's habeas petition. Accordingly, by separate order, the Court will deny Mr. Swint's petition for a writ of habeas corpus and dismiss this action with prejudice. To the extent that Mr. Swint seeks discovery, the Court denies the request.

---

[5] This document was received by the Court of Appeals and forwarded to this Court.

Because Mr. Swint's habeas petition does not present issues that are debatable among jurists of reason, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), § 2254 HABEAS RULES.

**DONE** and **ORDERED** this June 14, 2017.

_____

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE